UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No: 3:10CR120 (VLB) |
| v. | : | |
| **ANGELO REYES** | : | JULY 2, 2012 |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT FIVE OF THE THIRD SUPERSEDING INDICTMENT

On July 2, 2012, the defendant, Angelo Reyes ("Reyes"), through his counsel, moved to dismiss Count Five of the Third Superseding Indictment, claiming that the charge was brought beyond the five-year statute of limitations set forth in 18 U.S.C. § 3282.  The defendant's motion is without merit because the statute of limitations applicable to Count Five is the ten-year statute of limitations set forth in 18 U.S.C. § 3293.  Accordingly, Reyes' motion should be denied.

Count Five of the Third Superseding indictment charges Reyes with wire fraud, in violation of 18 U.S.C. § 1343, for instructing an accomplice to set fire to a single-family residence located at 42 Lombard Street in the Fair Haven section of New Haven in March 2005, so that Reyes could build a multi-family complex at the location.  The indictment alleges that Reyes purchased the property, obtained a mortgage on it, obtained insurance on it, and had it burned – all within the course of a week.  The wire transaction alleged in Count Five took place on March 24, 2005, when Reyes caused a post-arson notice of loss to be submitted by fax to an insurance company in support of a fraudulent insurance claim.

Although 18 U.S.C. § 3282 sets forth a general, five year statute of limitations for offenses that are not otherwise covered elsewhere, 18 U.S.C. § 3293 – and its ten-year statute of limitations – is applicable where, as here, the indictment alleges that a wire fraud scheme affected a financial institution. Specifically, 18 U.S.C. § 3293, provides, in pertinent part:

> No person shall be prosecuted, tried, or punished for a violation of . . . section 1341 or 1343, if the offense affects a financial institution . . . unless the indictment is returned within 10 years after the commission of the offense.

18 U.S.C. § 3293(2).

The wire fraud charged in Count Five of the Third Superseding Indictment is alleged to have affected a financial institution. *See, e.g.,* Third Superseding Indictment dated January 10, 2012, Count Five at ¶ 63 ("which scheme affected a financial institution") and at ¶ 84 ("which scheme affected a financial institution"). The same was true of Count Five when it was first charged in the Second Superseding Indictment. *See* Second Superseding Indictment dated April 25, 2011 at ¶¶ 63 and 84. Where, as here, a wire fraud charged in violation of 18 U.S.C. § 1343 is alleged to have affected a financial institution, the statute of limitations is ten years. *See* 18 U.S.C. § 3293(2).

The wire transaction alleged in Count Five occurred on March 24, 2005. Because the wire fraud scheme set forth in Count Five is alleged to have affected a financial institution, the statute of limitations for that charge is ten years, a period which does not expire until March 24, 2015. Count Five was first charged

in the Second Superseding Indictment on April 25, 2011, nearly four years before the applicable statute of limitations for the charge will run.  Accordingly, Reyes' motion to dismiss Count Five of the Third Superseding Indictment on the grounds that it was brought beyond the applicable statute of limitations is without merit.

Because the statute of limitations applicable to Count Five as charged is the ten-year statute of limitations set forth in 18 U.S.C. § 3293, Reyes' motion is without merit and should be denied.

Respectfully submitted,

DAVID B. FEIN
UNITED STATES ATTORNEY


  /s/
STEPHEN B. REYNOLDS
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct19105
United States Attorney's Office
1000 Lafayette Boulevard, 10th Floor
Bridgeport, Connecticut 06604
(203) 696-3000 / (203) 579-5575 (fax)
Stephen.Reynolds@usdoj.gov


  /s/
PAUL H. McCONNELL
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv02501
United States Attorney's Office
450 Main Street, Room 328
Hartford, Connecticut 06103
(860) 947-1101  /  (860) 760-7979 (fax)
Paul.McConnell2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2012, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties, including defense counsel identified below, by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Richard S. Cramer, Esq.
250 Hudson Street
Hartford, Connecticut 06103
(860) 560-7704 / (860) 560-7706 (fax)
cramer@snet.net

Robert F. Kappes, Esq.
Silvester & Kappes
118 Oak Street
Hartford, Connecticut 06106
(860) 278-2650 / (860) 727-9243 (fax)
rfk@law-sk.com

/s/
STEPHEN B. REYNOLDS
ASSISTANT UNITED STATES ATTORNEY