UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES,  :  <br>     Prosecution  : <br>      : <br> v. : <br>      : <br> ANGELO REYES,  : <br>     Defendant  : | Case No. 3:10-cr-120 (VLB) <br><br> July 23, 2012 |

### RULING DENYING DEFENDANT'S MOTION TO DISMISS COUNT FIVE OF THE THIRD SUPERSEDING INDICTMENT [Dkt. No. 204]

Before the Court is the defendant's July 2, 2012 Motion to Dismiss Count Five of the Third Superseding Indictment as originally returned in a Second Superseding Indictment by the Grand Jury sitting in New Haven on April 25, 2011. That Count charges Mr. Reyes with wire fraud with respect to a property loss insurance claim for 42 Lombard Street made on March 24, 2005. The defendant argues that Count Five should be dismissed because the allegation was brought beyond the applicable statute of limitations of five years as prescribed in 18 U.S.C. §3282. The defendant argues that the statute of limitations expired in 2010. [Dkt. No. 205] The Government filed a reply that same day and argues that the applicable statute of limitations is 18 U.S.C. §3293 which proscribes a 10-year statute of limitations. Under that statute, the time period for bringing an action against the defendant for the 42 Lombard Street property would not expire until March, 2015 because the alleged offense affected a financial institution. [Dkt. No. 206] On July 6, 2012, the defendant replied to the Government's Opposition.

1

Arguing that the five year statute of limitations is applicable, the defendant cites 18 U.S.C. §20 for the definition of a financial institution and states that the insurance company against which the defendant is alleged to have made a claim for the property loss is not a financial institution within the meaning of 18 U.S.C. §3293 and, therefore, the 10-year statute of limitations is inapplicable.  On July 9, 2012, the Government filed its Sur-Reply and states that the Government does not rely on the insurance company to support its allegation but rather the bank from which the defendant obtained his home loan as the qualifying "financial institution."

As set forth more fully below, the Court finds that the alleged offense affected the financial institution which financed the purchase of the property which the Defendant allegedly caused to be burned in order to defraud the insurance company which was the primary object of the fraud scheme. Accordingly, the defendant's Motion to Dismiss Count Five of the Third Superseding Indictment is DENIED.

Facts

On April 25, 2011 the Grand Jury sitting in New Haven returned the Second Superseding Indictment.  The defendant asserts that the allegations in Count Five are that Angelo Reyes committed wire fraud by devising a scheme to defraud an insurance company by obtaining an insurance policy on the property known as 42 Lombard Street, New Haven, Connecticut, by having the property burned and collecting the insurance proceeds. (Third Superseding Indictment, Count Five,

Paragraphs 56-61.) Angelo Reyes purchased the property on March 17, 2005. (Third Superseding Indictment, Count Five, Paragraph 56.) On March 18, 2005, an insurance policy was obtained. (Third Superseding Indictment, Count Five, Paragraph 57.) On March 24, 2005, the property in question was destroyed by fire. (Third Superseding Indictment, Count Five, Paragraphs 58 and 59.) On March 24, 2005, a fax was submitted to the insurance company via facsimile. (Third Superseding Indictment, Count Five, Paragraph 60.) On July 25, 2005, the insurance company issued a check to satisfy the claim made for the property damage. (Third Superseding Indictment, Count Five, Paragraph 61.)

In addition to the allegations cited by the defendant in his Motion to Dismiss, the Indictment also alleges that in furtherance of the execution of the scheme to defraud the insurance company, on or about March 18, 2005, Reyes obtained a 30 year mortgage of $157,250.00 from Argent Mortgage Company for the 42 Lombard Street property, and made a payment of $1,205.12. (Third Superseding Indictment, Count Five, Paragraph 66.)  On or about March 18, 2005, the mortgage was assigned to Countrywide Home Loans ("Countrywide").  (Third Superseding Indictment, Count Five, Paragraph 67.) From in or about March 2005 through on or about September 29, 2005, Reyes did not make any further payments on the mortgage that he obtained to purchase the 42 Lombard Street property. (Third Superseding Indictment, Count Five, Paragraph 70.) On or about July 5, 2005, Countrywide issued Reyes a Notice of Default and Acceleration, stating that the mortgage Reyes had obtained to purchase the 42 Lombard Street property was in "serious default because the required payments have not been

made." The notice stated that unless the default was cured on or before August 4,2005, the mortgage payments would be accelerated with the full amount becoming due and payable in full, and foreclosure proceedings would be initiated. (Third Superseding Indictment, Count Five Paragraph 77.)  On or about July 25,2005, the Mount Vernon Fire Insurance Co. paid $154,015.06 to "Angelo Reyes and Biller Associates Tri-State LLC," in satisfaction of claim number K012911 for the fire that occurred on March 24, 2005 at the 42 Lombard Street property. (Third Superseding Indictment, Count Five, Paragraph 78.)  On or about September 29,2005, Reyes made payments to bring the Countrywide mortgage current, and thereafter made regular payments through and including April 2007. (Third Superseding Indictment, Count Five, Paragraph 79.)

## Analysis

18 U.S.C. §3282 provides the statute of limitations for non-capital offenses. It provides in relevant part:

> (a) In General.— Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

18 USC §3293 provides the statute of limitations for offenses involving financial institutions.  It provides in relevant part:

> No person shall be prosecuted, tried, or punished for a violation of, or a conspiracy to violate—
> …
> (2) section 1341 or 1343, if the offense affects a financial institution; or
> …

4

>unless the indictment is returned or the information is filed
>within 10 years after the commission of the offense.

18 U.S.C. §20 defines financial institutions and specifically does not include insurance companies.  Subsection (3) does define "a Federal home loan bank or a member, as defined [and established under the provisions] in section 2 of the Federal Home Loan Bank Act (12 U.S.C. 1422), of the Federal home loan bank system" as a "financial institution."

The Second Circuit has recognized that, for the 10-year statute of limitations to apply, the scheme or artifice to defraud must merely *affect* a financial institution.  See *U.S. v. Martinez*, 172 F.3d 39 (2d Cir. 1999)(holding in relevant part that government's evidence of more than $2million losses to the bank was sufficient for the jury to conclude that the defendant's mail fraud scheme in which he convinced individuals facing foreclosure to immediately quitclaim their deeds to his wholly owned corporation affected the bank where the bank itself was not the direct target of the plan); *See also U.S. v. Bouyea*, 152 F.3d 192 (2d Cir. 1998) (holding that Congressional intent was for the phrase "affecting a financial institution" to apply broadly).  It is, therefore, not required that the object of a fraudulent scheme be to defraud a "financial institution" as defined in 18 U.S.C. §20, rather merely that the scheme affect a loss on a "financial institution."

The effect on Countrywide of the alleged insurance  fraud in this case is much more tangible than the effect of the alleged fraud deemed sufficient to trigger the 10-year statute of limitations in *United States v. Martinez*, supra. In this case, the Government states in its Sur-Reply that it "is not relying upon any of the

5

several insurance companies that are included in the allegations as supporting the 10-year statute of limitations." Rather, the Government asserts that its "evidence will show that Countrywide was a financial institution affected by Reyes' fraudulent scheme charged in Count Five." The Government states that the home mortgage loan was obtained from Countrywide Home Loans and that this entity is a "financial institution" as defined in 18 U.S.C. §20(3). The Government argues that this financial institution was affected by the fraudulent scheme as alleged in the Superseding Indictments, Count Five "because it not only experienced an increased risk of loss after the fire, but also because Reyes deliberately caused the mortgage to go into default by not remitting principal and interest payments for approximately seven months; and later, post-sale, deliberately caused the 30 year mortgage to be pre-paid in full, 28 years early, thereby depriving Countrywide of considerable interest and profits over the life of the mortgage." While most mortgages are pre-paid prior to maturity, pre-payments typically occur years rather than months after they are made. Here it is essentially alleged that Reyes never intended to make mortgage payments or otherwise honor his obligations under the mortgage loan documents; but rather, secured the mortgage solely to facilitate the insurance fraud scheme. By allegedly causing the mortgaged property to be destroyed, defaulting on the mortgage loan and pre-paying the loan long before maturity, the Indictment alleges that the fraud scheme affected a financial institution. Therefore, the 10-year statute of limitations applies and will not expire until March, 2015. The Government therefore timely returned an indictment charging the defendant with

wire fraud with respect to 42 Lombard Street as alleged in Count 5 of the Second and Third Superseding Indictment.

    For the foregoing reasons, the defendant's Motion to Strike Count Five of the Third Superseding Indictment is DENIED.

                                  IT IS SO ORDERED.

                                  _____/s/_____
                                  Vanessa L. Bryant
                                  United States District Judge

Dated at Hartford, Connecticut:  July 23, 2012.