UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES, | : |
| | : |
| | : Case No. 3:10-cr-120 (VLB) |
| v. | : |
| | : May 3, 2013 |
| ANGELO REYES | : |
| | : |

**RULING DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

Before the court is the defendant, Angelo Reyes' April 19, 2013 letter to the court which has been docketed as a Motion for Reconsideration [Dkt. 265] of the court's April 8, 2013 Order [Dkt. 263] granting the Government's Motion to Revoke the Defendant's Bond [Dkt. 253]. In that motion, the defendant asserts the multifaceted impact his current detention is having on his family and business. On April 24, 2013, the Government responded that the defendant's letter does not challenge the factual findings or application of the law to the defendant's case. [Dkt. 266]  Furthermore, the Government argues that the concerns raised in its initial application for the revocation of bond – witness intimidation – have not altered.  For the following reasons, the defendant's motion is DENIED.

Neither the Federal Rules of Criminal Procedure nor the Local Criminal Rules expressly provide for reconsiderations.  Nonetheless, it is permissible to file reconsideration motions in criminal cases.  *See, United States v. Clark*, 984 F.2d 31 (2d Cir. 1993) (holding that the motion to reconsider the district court's federal sentence should be treated as a civil motion to alter or amend the judgment), *United States v. Hector*, 368 F.Supp.2d 1060, 1063 (C.D.Cal. 2005) (stating that a motion for reconsideration in a criminal case is not to be used to

1

ask the court to rethink a decision rendered), rev'd on other grounds, 474 F.3d 1150 (9th Cir. 2007), *United States v. Fiorelli*, 337 F.3d 282, 286-88 (3d Cir. 2003) ("As noted by the Second and Ninth Circuits, motions for reconsideration may be filed in criminal cases.").

Courts have held that motions for reconsideration are governed by the standard applicable to the equivalent civil filing.  *See, Clark* at 34 (finding that a motion for reconsideration "should be subject to the same time limitations as reconsideration motions in civil cases.").  *See also, United States v. Delvi*, No. S1201 Cr. 74, 2004 WL 235211 (S.D.N. Y. Feb. 6, 2004) (applying the local civil rule to deny defendant's motion for reconsideration because it simply reiterated facts and arguments already considered and rejected by the court); *United States v. Greenfield*, No. 01 Cr. 401, 2001 WL 1230538, at *1 (S.D.N.Y. Oct. 16, 2001) (applying the local rule standard); *United States v. Kurtz*, No. 98 Cr. 733, 1999 WL 349374, at *6 (S.D.N.Y. May 28, 1999) ("A motion to reconsider will not be granted unless the movant demonstrates that the court has overlooked controlling law or material facts.").

Local Rule 7(c) provides that "[m]otions for reconsideration shall be filed and served within fourteen (14) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision order."  Similarly, the Federal Rules of Civil Procedure provide grounds for relief from a judgment or order.  Rule 60(b) provides that a:

> [C]ourt may relieve a party . . . from a final judgment, order, or proceedings for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; [or]
> . . .
> (6) any other reason that justifies relief.

It has been established that motions to reconsider "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255 (2d Cir. 1995). *See also, United States v. Bloch*, 794 F.Supp.2d 15 (2011) (denying defendant's motion for reconsideration applying the Federal Rules of Civil Procedure and holding that a motion for reconsideration is not a vehicle to present evidence which was available but not offered at the original motion) (internal citations omitted). Nonetheless, the motion is to the sound discretion of the court. *See Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *Matter of Emergency Beacon Corp.*, 666 F.2d 754, 760 (2d Cir. 1981).

On April 8, 2013, this court granted the government's motion to revoke the defendant's bond pursuant to 18 U.S.C. §1514. [Dkt. 263]. In the memorandum of decision, the court articulated its findings of fact justifying bond revocation, institution of a protective order, and the immediate detention of the defendant:

> [T]he Court finds that on the afternoon of March 23, 2013 Mr. Reyes drove by Mr. Lopez's home located at 420 Poplar Street at a very slow rate of speed and glared at Mr. Lopez's children, causing them alarm. The Court further finds that sometime between 4:05 p.m. and 5:10 p.m. Mr. Reyes drove by the Lopez home and again encountered the boys, slowed his vehicle to a crawl and both lunged and jeered at the boys, again causing them alarm.

3

Id. at 5-6. The defendant's letter does not challenge this factual finding and does not present new or overlooked evidence. Furthermore, the defendant does not cite to any changes in the statute this court employed to evaluate his case. The court finds that the defendant is solely asking this court to review the same matter already determined. Therefore, the defendant's motion is DENIED.

                              IT IS SO ORDERED.

                              _____/s/_____
                              Vanessa L. Bryant
                              United States District Judge

Dated at Hartford, Connecticut: May 3, 2013.